# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2067
_____

Ida Pettus

*Plaintiff - Appellant*

v.

Elbert Harvey; Laura Bednar, in their individual capacities

*Defendants - Appellees*

------------------------------

Ida M. Pettus

*Plaintiff - Appellant*

v.

Arkansas Department of Education

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 23, 2012
Filed: December 11, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ida Pettus appeals the district court's[1] adverse grant of summary judgment in her action asserting race-discrimination and retaliation claims against her former employer and supervisors.  Upon careful de novo review, see Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir.) (en banc), cert. denied, 132 S. Ct. 513 (2011), we conclude that the grant of summary judgment was proper.

We agree with the district court that defendants articulated a legitimate, non-discriminatory reason for Pettus's discharge--her repeated failure to update her work calendar as required--and that Pettus did not present sufficient evidence to suggest this reason was pretextual.  See Putman v. Unity Health Sys., 348 F.3d 732, 735-36 (8th Cir. 2003) (violation of company policy is legitimate reason for termination); Bogren v. Minn., 236 F.3d 399, 406 (8th Cir. 2000) (without independent evidence to support finding of pretext, generic employment statistics are not probative of reason for termination).  We also agree that the almost three-month interval from the time Pettus's supervisor learned of her discrimination charge until her termination was insufficient to support a causal connection for a retaliatory-discharge claim, see Tyler v. Univ. of Ark. Bd. of Trustees, 628 F.3d 985, 986 (8th Cir. 2011) (no inference of retaliation when interval is measured in months); and that her reassignment to another area of the state did not constitute an adverse employment action, see Montandon v. Farmland Indus., Inc., 116 F.3d 355, 359 (8th Cir. 1997) (transfer that does not entail change in position, title, salary, or any other aspect of employment does not rise to level of adverse employment action).  Accordingly, the judgment is affirmed.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.